UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ALMUNTASER ELHINDI,

                      Plaintiff,  **MEMORANDUM AND ORDER**
09-CV-1365 (JBW)
       -against-

OFFICER POM JOSEPH AUGELLO;
OFFICER JOHN DOE; NEW YORK CITY POLICE
DEPARTMENT 68TH PRECINCT; DEPARTMENTS
AREA COMMANDERS,

                      Defendants.
----------------------------------------------------------------x
WEINSTEIN, United States District Judge:

Plaintiff, currently incarcerated at Otis Bantum Correctional Center at Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Plaintiff's complaint, discussed below, against defendant New York Police Department 68th Precinct is dismissed. Plaintiff is granted thirty (30) days leave to amend his complaint.

## BACKGROUND

Plaintiff alleges that on October 30, 2008, he was parking a car when he was stopped by two officers in an unmarked police car. Complaint at Exhibit B1. For reasons that are unclear, plaintiff alleges that he was arrested by Officer Pom and his partner. Complaint at 2-3, ¶¶ C-D. Plaintiff states that the charges were dismissed. Complaint at Exhibit B1. Plaintiff further alleges that he is a victim of racial profiling. Id. Plaintiff seeks monetary damages.

---

[1] By order dated March 6, 2009, the United States District Court for the Southern District of New York transferred this complaint to this Court. The complaint was received by the Southern District on January 27, 2009.

1

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

## DISCUSSION

Plaintiff cannot pursue a claim against the New York City Police Department, 68th Precinct. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396; See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department not a suable entity); Campbell v. New York City Police, No. 05 CV 2858, 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005) (the New York City Police

Department is not a proper party under § 1983); Wingate v. City of New York, No. 08 Cv. 217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity). Accordingly, all claims against the New York City Police Department 68th Precinct must be dismissed pursuant to 28 U.S.C. § 1915A(b).

## LEAVE TO AMEND

The complaint as presently pled, alleges a cause of action for false arrest. However, upon review of plaintiff's complaint, the Court notes that plaintiff names Area Commanders as defendants in the caption of his complaint, yet makes no factual allegations against the Area Commanders in the body of the complaint. The Court further notes that plaintiff names Sergeants John Strype and McGibbon Chri, as defendants in the body of the complaint, yet not in the caption. It is unclear to the Court, if Strype and Chi are the Area Commanders. Accordingly, in an abundance of caution and in deference to plaintiff's *pro se* status, the Court will grant plaintiff thirty (30) days leave from the entry of this order to amend his complaint to clarify whom he intends to name as defendants.

Should plaintiff file an amended complaint, plaintiff must also identify, as best he can, the individual defendant(s) who were personally involved in the events that he claims violated his rights. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Moreover, plaintiff is informed that a defendant who occupies a supervisory position cannot be found liable solely on the basis of his supervisor status. Id. at 501. If plaintiff does not know the true identity of an individual defendant, he must provide as much detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held and place of employment, so that each defendant may be identified. Plaintiff shall refer to any unidentified defendant as John or Jane Doe. Plaintiff shall also name the defendants in the

3

caption of his amended complaint. Without this information the Court will not be able to identify, locate and serve proper defendants. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

## CONCLUSION

Plaintiff's claims against the New York City Police Department, 68th Precinct are dismissed. 28 U.S.C. § 1915A(b). Plaintiff is given thirty (30) days leave from the date of this order to amend his complaint, as detailed above. If plaintiff fails to amend his complaint, his false arrest claim will proceed against the remaining defendants. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JACK B. WEINSTEIN
United States District Judge

Dated: Brooklyn, New York
4/13 2009

4